UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRIA DOBBS AND FRANK PERINO, Individually and on Behalf of All Others Similarly Situated,<br><br>       Plaintiffs<br><br>    - against -<br><br>METROPOLITAN TRANSIT AUTHORITY,<br>NEW YORK CITY TRANSIT AUTHORITY,<br>JOHN DOE, AND JOHN DOE 2.<br>       Defendants | 17 Civ. 8199<br><br>**COMPLAINT**<br><br><br>**JURY DEMAND** |

  Plaintiffs, ALEXANDRIA DOBBS and FRANK PERINO, complaining through her attorneys from the Law Offices of James E. Bahamonde, respectfully alleges against Defendants:

### STATEMENT OF CLAIM

1.  In violation of well-settled, decades old law, Defendants have chosen to exclude Plaintiffs and all other disabled persons who are accompanied by a guide dog, from having access to and use of Defendants' paratransit service.

2.  Plaintiffs file this action on behalf of herself and for those similarly situated, complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, Title II of the ADA, 42 U.S.C. §§ 12131 et seq., section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794, their implementing regulations, 49 C.F.R. parts 27 and 37, and 28 C.F.R. part 35, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq.* and New York State Civil Rights Law §47-b,

3.  Plaintiffs seek damages, declaratory and injunctive relief, as well as fees and costs

1

against the Defendants.

## VENUE AND JURISDICTION

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the Americans with Disabilities Act ("ADA").

5. The Court has supplemental jurisdiction over Plaintiffs' allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

7. The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## PARTIES

8. That at all times hereinafter mentioned, Plaintiff ALEXANDRIA DOBBS is now, and at all times mentioned in this complaint, a resident of New York County, New York.

9. That at all times hereinafter mentioned, Plaintiff FRANK PERINO is now, and at all times mentioned in this complaint, a resident of Suffolk County, NY.

10. Defendant METROPOLITAN TRANSIT AUTHORITY (hereinafter MTA) is a public authority created under § 1263 of the New York State Public Authorities Law. MTA's principal office is located at 2 Broadway, New York, New York 10004.

11. Defendant NEW YORK CITY TRANSIT AUTHORITY (hereinafter NYCTA) is a public authority created under § 1801 of the New York State Public Authority Law. NYCTA's principal office is located at 2 Broadway, New York, New York 10004.

12.  Defendants MTA and NYCTA own and control New York City's paratransit service named Access-A-Ride.

13.  Upon information and belief, Defendant JOHN DOE is a business corporation that operates in Manhattan, New York. As of the date of this Complaint, Plaintiffs do not know the name this corporation operates under, but expect that this information will be supplied by Defendants and/or available through discovery in this matter.

14.  Upon information and belief, Defendant JOHN DOE has entered into a contractual or other relationship with Defendants MTA and NYCTA to operate its Access-A-Ride vehicles.

15.  Defendant JOHN DOE owns and operates a public accommodation as defined by Title III of the Americans with Disabilities Act.

16.  Upon information and belief, Defendant JOHN DOE 2 is a resident of New York State.

17.  Upon information and belief, Defendant JOHN DOE 2 is employed by JOHN DOE as a driver of a paratransit vehicle owned by Defendants JOHN DOE, MTA or NYCTA.

18.  Defendant JOHN DOE 2 is the individual who refused to allow Plaintiffs entry into the vehicle on December 12, 2016, on account of Plaintiffs being accompanied by their service animals.

## CLASS ACTION

19.  Plaintiff brings this suit for declaratory and injunctive relief and as a class action for all those similarly situated, who are accompanied by service or guide dogs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

20.  Plaintiffs, complaining for herself and all other residents in the City of New York and

State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

21. The United States Census has indicated that there are more than 1.39 million New Yorkers with mobility disability.

22. Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

23. The ADA, New York State Human Rights Law, and New York City Human Rights Law requires Defendants to provide paratransit service to individuals with disabilities who are unable to use mass transit, such as subways, buses and light rail.

24. Individuals who are visually impaired are legally permitted to have in their immediate custody a guide or service dog.

25. Individuals with disabilities are lawfully permitted to be accompanied by their guide dogs in all areas of the paratransit transportation service provided by Defendants, where members of the public, program participants, clients, customers, patrons, or invitees are allowed to go.

26. Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law and New York State Human Rights Law.

## FACTUAL BACKGROUND

27. Defendants MTA and NYCTA have created and are responsible for providing New York City's paratransit service named 'Access-A-Ride'.

28. Defendants control and operate a paratransit transportation service in the City of New York.

29. Access-A-Ride provides door-to-door transportation within New York City on an advance reservation basis to persons who, because of a physical or mental disability, are unable to use public transit buses or subways.

30. Plaintiffs ALEXANDRIA DOBBS and FRANK PERINO are blind and have substantially limited vision.

31. Plaintiff ALEXANDRIA DOBBS resides in Manhattan and is authorized to use the services provided by Access-a Ride.

32. Plaintiff FRANK PERINO resides in Suffolk County and travels to the City of New York.

33. As a result of Mr. PERINO's visual impairment, he travels with a guide dog. The guide dog assists Mr. Perino in avoiding obstacles, navigating street crossings, and in retrieving objects.

34. Mr. PERINO's guide dog has received training to work or perform tasks for an individual with impaired vision.

35. Each Plaintiff is eligible to participate in the services offered by Defendants' ADA paratransit.

36. In or about December 2016, Plaintiffs made a reservation with Access-A-Ride to pick up and transport 2 people on December 12, 2016.

37. Access-A-Ride agreed to pick up Plaintiffs at 135 W. 23rd St., New York, NY.

5

38. On December 12, 2016, the Access-A-Ride vehicle arrived to pick up Plaintiffs. However, the driver, Plaintiff JOHN DOE 2, refused to allow Plaintiffs entry into the vehicle because they were accompanied with a guide dog.

39. Mr. PERINO informed the driver that he was blind and that the dog was a guide dog. Nonetheless, the driver, Plaintiff JOHN DOE 2 refused to allow Plaintiffs to enter the vehicle.

40. Plaintiff JOHN DOE 2 said he called the dispatcher of Defendant JOHN DOE and was instructed not to allow the guide dog entry into the vehicle.

41. At no time was the guide dog out of control or not housebroken.

42. At all relevant times, Mr. PERINO had complete, effective control over his guide dog.

43. At all relevant times, Mr. PERINO had his guide dog in a harness, leash, or other tender.

44. Plaintiffs advised JOHN DOE 2 they had a reservation and cannot be abandoned without transportation. In response, the driver informed Plaintiffs that another Access-A-Ride vehicle had arrived to pick them up. When plaintiff stepped back away from the vehicle driven by Defendant JOHN DOE 2, JOHN DOE 2 left. After a few minutes, Plaintiffs realized Defendant JOHN DOE 2 had lied to them, because no vehicle had arrived.

45. Plaintiffs have the intention to use Access-A-Ride once it becomes readily accessible to and usable to disabled individuals who are accompanied by a guide dog.

### FIRST CAUSE OF ACTION
**(Violation of Title II of the Americans with Disabilities Act**, 42 U.S.C. §§ 12131-12150**)**
*(Allegations against Defendants MTA and NYCTA)*

46. Each of Plaintiffs' visual impairment is considered a disability as defined in 49 CFR § 37.3.

47. Plaintiffs are qualified individuals with a disability as defined in 42 U.S.C. § 12131(2).

6

48. Plaintiff Frank Perino's guide dog is a service animal as defined in 49 CFR § 37.3.

49. Defendants MTA and NYCTA are public entities as defined in 42 U.S.C. § 12131(1) and 49 CFR § 37.3.

50. Defendants' paratransit transportation service is a demand responsive system as defined in, 42 U.S.C. § 12141 and 49 CFR § 37.3.

51. Defendants MTA and NYCTA have excluded plaintiffs from participation in or denied the benefits of the services, programs, or activities of their paratransit transportation in violation of 42 U.S.C. § 12132.

52. Defendants have, on the basis of disability, denied Plaintiffs the opportunity to use their transportation service.

53. Defendant JOHN DOE is primarily engaged in the business of transporting people and whose operation affects commerce.

54. Defendant JOHN DOE denied Plaintiffs, on the basis of disability, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations.

**SECOND CAUSE OF ACTION**
**(Violation of Title III of the ADA)**
*(Allegations against Defendants JOHN DOE and JOHN DOE 2)*

55. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

56. Defendant JOHN DOE is a public accommodation as defined in 42 U.S.C. § 12181 and 49 CFR § 37.38.

57. Defendant JOHN DOE is a private entity as defined in 49 CFR § 37.3.

58. Defendants JOHN DOE and JOHN DOE 2 have excluded plaintiffs from participation in or denied the benefits of the services, programs, or activities of Defendants MTA and NYCTA in

violation of 42 U.S.C. § 12132.

59. Defendants JOHN DOE and JOHN DOE 2 have discriminated against Plaintiffs, on the basis of disability, in connection with the provision of transportation service.

60. Defendants JOHN DOE and JOHN DOE 2 policy not to allow Plaintiffs entry into the Access-A-Ride vehicle while accompanied by a guide dog does not fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations.

61. Defendants JOHN DOE and JOHN DOE 2 failed to modify their policies, practices, or procedures permit the use of a guide dog by Plaintiffs.

62. Defendants JOHN DOE and JOHN DOE 2 failed to make reasonable modifications in their policies, practices or procedures when the modifications were necessary to afford Plaintiffs with goods, services, facilities, privileges, advantages, or accommodations.

63. Defendants JOHN DOE and JOHN DOE 2 have discriminated against Plaintiffs, and all others similarly situated, on the basis of their disability, in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of its public accommodation in violation of 42 U.S. Code § 12182(a).

64. Defendants JOHN DOE and JOHN DOE 2 have subjected Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements, denial of the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of Defendants in violation of 42 U.S. Code § 12182(b)(1)(A)(i).

65. Defendants JOHN DOE and JOHN DOE 2 have afforded Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service,

facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

66. Defendants JOHN DOE and JOHN DOE 2 have provided Plaintiffs, and all others similarly situated, on the basis of their disability, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided to other individuals in violation of 42 U.S. Code § 12182(b)(1)(A)(ii).

67. Defendants JOHN DOE and JOHN DOE 2 have not afforded Plaintiffs, and all others similarly situated, the goods, services, facilities, privileges, advantages, and accommodations in the most integrated setting appropriate in violation of 42 U.S. Code § 12182(b)(1)(B).

68. Defendants JOHN DOE and JOHN DOE 2 have denied Plaintiffs, and all others similarly situated, the opportunity to participate in such program or activities that is not separate or different in violation 42 U.S. Code § 12182(b)(1)(C).

69. Defendants JOHN DOE and JOHN DOE 2 imposed illegitimate requirements which were completely based on speculation, stereotypes, and generalization about dogs in violation of 28 CFR § 36.301.

70. The illegitimate requirements of Defendants JOHN DOE and JOHN DOE 2 to not allow Plaintiffs entry into the vehicle with a guide dog were not based on actual risks safety requirements

71. Defendants JOHN DOE and JOHN DOE 2 have imposed or applied an eligibility criteria that screened out or tended to screen out Plaintiffs, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered in violation of 42 U.S. Code § 12182(b)(2)(A)(i).

72. Defendants JOHN DOE and JOHN DOE 2 have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs in violation of 42 U.S. Code § 12182(b)(2)(A)(ii).

73. Reasonable accommodations exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

74. Reasonable accommodations could be made which do not fundamentally alter the nature of the Defendants' program or activity.

### THIRD CAUSE OF ACTION
**(Violation of section 504 of the Rehabilitation Act)**
*(Allegations against Defendants MTA and NYCTA)*

75. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

76. Defendants MTA and NYCTA receive federal financial assistance.

77. The paratransit transportation system operated and controlled by Defendants is a program or activity as defined in 29 U.S. Code § 794(b).

78. Defendants paratransit transportation system is a special service system as defined in 49 CFR 27.5

79. ELIZABETH DOBBS is a qualified individual with a disability.

80. FRANK PERINO is a qualified individual with a disability.

81. Plaintiff JOHN DOE 2 is a policymaker.

82. Defendant JOHN DOE 2 acted with deliberate indifference to Plaintiff's federally protected rights.

83. The dispatcher of Defendant JOHN DOE is a policymaker.

10

84. The dispatcher of Defendant JOHN DOE acted with deliberate indifference to Plaintiff's federally protected rights

85. Solely by reason of their disability, Defendants excluded Plaintiffs from participation in, denied the benefits of, and subjected them to discrimination in violation of the Rehabilitation Act.

86. As a direct and proximate result of Defendants unlawful discrimination in violation of the Rehabilitation Act, Plaintiffs have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

**FOURTH CAUSE OF ACTION**
**(Violation of New York State Human Rights Law)**
(Allegations against Defendants)

87. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

88. Defendants have denied access or otherwise discriminated against Plaintiffs because they were accompanied by a dog that has been trained to work or perform specific tasks for the benefit of such person.

89. As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiffs have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

## FIFTH CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws § 40-c)
(Allegations against Defendants)

90. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

91. On the basis of disability, Defendants have violated their Civil Right.

92. Consequently, Plaintiffs are entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

93. Pursuant to NY Civil Rights law, Defendant JOHN DOE 2 is guilty of a class A misdemeanor.

94. Notice of the action has been served upon the Attorney-General as required by Civil Rights Law § 40-d.

## SIXTH CAUSE OF ACTION
### (Violation of New York State Civil Rights law § 47-b)
(Allegations against Defendants)

95. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

96. The guide dog of Defendant FRANK PERINO is a "guide dog" as defined in NYS Civil Rights Law § 47-b(4).

97. Each Plaintiff has a disability as defined in NYS Civil Rights Law § 47-b(5).

98. Persons with a disability accompanied by a service dog shall be guaranteed the right to have such dog in their immediate custody while exercising their right and privilege to travel in a vehicle operated by Access-A-Ride.

99. In violation of New York State Civil Rights Law § 47-b, Defendants did not allow Plaintiffs, who were accompanied by Mr. Perino's guide dog, access to the Access-A-Ride

vehicle.

100. In violation of New York State Civil Rights Law § 47-b, defendant denied Plaintiffs and Mr. Perino's guide dog access to the vehicle operated and owned by Defendants.

101. In violation of NYS Civil Rights Law § 47-b(2), Defendants imposed a condition or restriction against Plaintiffs access to the Access-A-Ride vehicle.

102. As a direct and proximate result of Defendants violation of NYS Civil Rights Law § 47-b, Plaintiffs are entitled to damages.

### SEVENTH CAUSE OF ACTION
### (Violation of NYC Human Rights Law § 8-107(4))
(*Allegations against Defendants*)

103. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

104. Defendants are "persons" as defined in NYS Human Rights Law § 8-102 (1).

105. Plaintiffs have a "disability" as defined in NYS Human Rights Law § 8-102(16).

106. In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiffs and others similarly situated.

107. In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiffs and all others similarly situated.

108. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

109. In violation of New York City Admin. Code, on the basis of Plaintiffs' disability, Defendants have demonstrated that the patronage or custom of Plaintiffs and all others similarly

situated, is unwelcome, objectionable, and not acceptable.

110. Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

111. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs has suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

112. All of Defendants' actions were taken intentionally, maliciously and/or with reckless and/or callous indifference to Plaintiffs' rights under NYC Human Rights Law.

## EIGHTH CAUSE OF ACTION
### (Violation of NYC Human Rights Law § 8-107(15))
*(Allegations against Defendants)*

113. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

114. Reasonable accommodations and modifications are necessary to enable Plaintiffs and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

115. Defendants failed to provide Plaintiffs reasonable accommodations and modifications in violation of NYC Human Rights Law § 8-107(15).

116. In violation of New York City Human Rights Law § 8-102(4) and (18), and 8-107(4) and 8-107(15), Defendants have not reasonably accommodated Plaintiffs and others similarly situated.

117. In violation of New York City Admin. Code, Defendants have unlawfully discriminated

14

against Plaintiffs and all others similarly situated.

118. Reasonable accommodations and modifications are necessary to enable Plaintiffs and all others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

119. In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

120. In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiffs' disability, the patronage or custom of Plaintiffs and all others similarly situated, is unwelcome, objectionable, and not acceptable.

121. As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering.

122. All of Defendants' actions were taken intentionally, maliciously and/or with reckless and/or callous indifference to Plaintiffs' rights under NYC Human Rights Law.

### NINTH CAUSE OF ACTION
**(Declaratory Relief)**

123. Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

124. Plaintiffs are entitled to a declaratory judgment concerning the violations committed by

Defendant specifying the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief from the Court:

A.  Certify this case as a class action;

B.  Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring Defendants to make all necessary modifications to Defendants' policies or practices so that Plaintiffs will not be subject to further discrimination in violation of New York State Human Rights Law, New York City Administrative Code, the Rehabilitation Act, and Title III of the ADA.

C.  Enter declaratory judgment, specifying Defendants federal and New York state law violations and declaring the rights of Plaintiffs and other persons similarly situated as to Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.  Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for $500 for *each* and every violation.

E.  Pursuant to New York State Civil Rights Law § 40-d, find defendant JOHN DOE 2 guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.  The court retain jurisdiction over the Defendants until the court is satisfied that the Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

G.  Award Plaintiffs compensatory damages in the amount of $10,000 for Defendants violation of New York State Human Rights Law.

H.  Award Plaintiffs compensatory damages in the amount of $10,000 for Defendants violation of New York City Administrative Code.

16

I.  Award Plaintiffs compensatory damages in the amount of $10,000 for Defendants violation of the Rehabilitation Act.

J.  Award Plaintiffs punitive damages in the amount of $1000 for Defendants violation of New York City Administrative Code.

K.  Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: October 21, 2017

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X_____*J-B*_____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiffs
Tel: (646) 290-8258
Fax: (646) 435-4376
E-mail: James@CivilRightsNY.com