UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXANDRIA HOBBS AND FRANK PERINO, Individually and on Behalf of All Others Similarly Situated,<br><br>                                        Plaintiffs<br><br>                    - against -<br><br>METROPOLITAN TRANSIT AUTHORITY, NEW YORK CITY TRANSIT AUTHORITY, ADVANCE TRANSIT CO. INC., AND JOHN DOE 2.<br>                                        Defendants | 17 Civ. 8199 (ALC)(KNF)<br><br>**SECOND AMENDED COMPLAINT**<br><br><br>**JURY DEMAND** |

Plaintiffs, ALEXANDRIA HOBBS and FRANK PERINO, complaining through their

attorney from the Law Offices of James E. Bahamonde, respectfully alleges against Defendants:

**STATEMENT OF CLAIM**

1.      In violation of well-settled, decades old law, Defendants have chosen to follow a

practice to exclude Plaintiffs and all other visually impaired disabled persons who are

accompanied by a guide dog, from having access to and use of Defendants' paratransit

service unless the disabled person provides prior notice of the guide dog.

2.      Defendants also have a policy and practice to require registered users of Access-A-

Ride to follow its written rules, Customer Bill of Rights, and a Guide to Access-A-Ride

Services. However, Defendants do not maintain these rules, Customer Bill of Rights, or

Guide in an accessible format. Likewise, Defendants have not given Plaintiffs with these

rules, Customer Bill of Rights, or Guide in accessible format.

3.      Plaintiffs file this action on behalf of themselves and for those similarly situated,

complaining of violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12182 *et seq.*, Title II of the ADA, 42 U.S.C. §§ 12131 et seq., section 504 of the Rehabilitation Act of 1973, 28 U.S.C. § 794, their implementing regulations, 49 C.F.R. parts 27 and 37, and 28 C.F.R. part 35, New York State Civil Rights Law § 40-c and 40-d, New York State Human Rights Law § 296 *et seq.*, and New York City [Administrative Code] Human Rights Law § 8-107 *et seq.* and New York State Civil Rights Law §47-b.

4.      Plaintiffs seek damages, declaratory and injunctive relief, as well as fees and costs against the Defendants.

## VENUE AND JURISDICTION

5.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiffs' rights under the Americans with Disabilities Act ("ADA").

6.      The Court has supplemental jurisdiction over Plaintiffs' allegations arising from Defendants' state and local law violations pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, alleged herein, occurred in this district.

8.      The jurisdiction of this court is invoked pursuant to 28 U.S.C. Sections 1331 and 2201 and through the Americans with Disabilities Act, 42 U.S.C.A. § 12181 et seq.

## PARTIES

9.      That at all times hereinafter mentioned, Plaintiff ALEXANDRIA HOBBS is now, and at all times mentioned in this complaint, a resident of New York County, New York.

10.     That at all times hereinafter mentioned, Plaintiff FRANK PERINO is now, and at all times mentioned in this complaint, a resident of Suffolk County, NY.

11.     Defendant METROPOLITAN TRANSIT AUTHORITY (hereinafter MTA) is a public authority created under § 1263 of the New York State Public Authorities Law. MTA's principal office is located at 2 Broadway, New York, New York 10004.

12.     Defendant NEW YORK CITY TRANSIT AUTHORITY (hereinafter NYCTA) is a public authority created under § 1801 of the New York State Public Authority Law. NYCTA's principal office is located at 2 Broadway, New York, New York 10004.

13.     Defendants MTA and NYCTA own and control New York City's paratransit service named Access-A-Ride.

14.     Defendant ADVANCE TRANSIT CO. INC. is a business corporation that operates in Bronx, New York.  .

15.     Defendant ADVANCE TRANSIT CO. INC. has entered into a contractual or other relationship with Defendants MTA and NYCTA to operate the paratransit service named Access-A-Ride.

16.     Defendant ADVANCE TRANSIT CO. INC. owns and operates a public accommodation as defined by Title III of the Americans with Disabilities Act.

17.     Upon information and belief, Defendant JOHN DOE 2 is a resident of New York State.

18.     Upon information and belief, Defendant JOHN DOE 2 is employed by ADVANCE TRANSIT CO. INC. as a driver of a paratransit vehicle owned by Defendants ADVANCE TRANSIT CO. INC., MTA or NYCTA.

3

19.     Defendant JOHN DOE 2 is the individual who refused to allow Plaintiffs entry into the vehicle on December 12, 2016, on account of Plaintiffs being accompanied by a guide dog.

## CLASS ACTION

20.     Plaintiffs brings this suit for declaratory and injunctive relief and as a class action for all those similarly situated, who are accompanied by service or guide dogs, by reason of various disabilities, and who use or desire to use the services and accommodations offered to the public by Defendant, and who are protected by, and are beneficiaries of, the ADA and New York State Law.

21.     Plaintiffs, complaining for herself and all other residents in the City of New York and State of New York, similarly situated, alleges: (a) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (b) there are questions of law or fact common to the class which predominate over any questions affecting only individual members; (c) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (d) the representative parties will fairly and adequately protect the interests of the class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## STATUTORY SCHEME

22.     The United States Census has indicated that there are more than 1.39 million New Yorkers with mobility disability.

23.     Pursuant to the ADA, New York State Human Rights Law, and New York City Human Rights Law, individuals with disabilities are a protected class.

24.     The ADA, New York State Human Rights Law, and New York City Human Rights Law

4

requires Defendants to provide paratransit service to individuals with disabilities who are unable to use mass transit, such as subways, buses and light rail.

25.     Individuals who are visually impaired are legally permitted to have in their immediate custody a guide or service dog.

26.     Individuals with disabilities are lawfully permitted to be accompanied by their guide dogs in all areas of the paratransit transportation service provided by Defendants, where members of the public, program participants, clients, customers, patrons, or invitees are allowed to go.

27.     A private entity, who operates a demand response system, must provide equivalent level of service provided to individuals without disabilities.

28.     Pursuant to the ADA, if a state or local law provides greater or equal protection for the rights of individuals with disabilities it shall control.

29.     Under New York State Civil Rights Law §47-b, visually impaired persons accompanied by a guide dogs shall be guaranteed the right to have such dog in their immediate custody. No person shall be denied admittance to and/or the equal use of an enjoyment of any mode of public transportation solely because said person is a person with a disability and is accompanied by a guide dog. Any law, rule, or regulation conflicting with this law is deemed to be superseded by NYS Civil Rights Law §47-b.

30.     Discriminatory intent is not required to establish liability under ADA, New York City Human Rights Law and New York State Human Rights Law.

## FACTUAL BACKGROUND

31.     Defendants MTA and NYCTA have created and are responsible for providing paratransit service in the City of New York named 'Access-A-Ride'.

5

32.     Defendants MTA and NYCTA have created the policy and procedure for the City's paratransit service named 'Access-A-Ride'.

33.     Defendants MTA and NYCTA require all users of 'Access-A-Ride to follow the established policy and procedure of its paratransit service.

34.     At all relevant times, Defendant Advance Transit Co. Inc. has had a contractual relationship with Defendants MTA and NYCTA to operate the paratransit service named Access-A-Ride.

35.     Defendants MTA and NYCTA require the provider of paratransit service in the City of New York, Defendant Advance Transit Co. Inc., to follow the established policy and procedure of paratransit service created by the MTA and NYCTA.

36.     Defendants MTA and NYCTA require the dispatchers and drivers of paratransit vehicles to file the established policy and procedure of paratransit service created by the MTA and NYCTA.

37.     Defendants MTA and NYCTA have the right to control the manner in which the drivers carried out their driving duties.

38.     On behalf of the paratransit service, owned and created by Defendants MTA and NYCTA, Defendant Advance Transit Co. Inc. interacts with disabled passengers.

39.     Defendant Advance Transit Co. Inc. has agreed expressly or implicitly act on behalf of Defendants MTA and NYCTA.

40.     Defendant Advance Transit Co. Inc. owes Defendants MTA and NYCTA a fiduciary obligation.

41.    Defendants control and operate a paratransit transportation service in the City of New York.

42.    Access-A-Ride provides door-to-door transportation within New York City on an advance reservation basis to persons who, because of a physical or mental disability, are unable to use public transit buses or subways.

43.    Plaintiffs ALEXANDRIA HOBBS and FRANK PERINO are blind and have substantially limited vision.

44.    Plaintiff ALEXANDRIA HOBBS resides in Manhattan and is authorized to use the services provided by Access-a Ride.

45.    Defendants do not have a policy or practice to provide their rules, "Customer Bill of Rights," or Guide to Access-A-Ride Services in an accessible format

46.    Defendants do not maintain or possess their policy, rules, "Customer Bill of Rights," or Guide to Access-A-Ride Services in an accessible format.

47.    Upon applying for Access-a Ride service, Defendants have never provided Ms. HOBBS with their policy, rules, "Customer Bill of Rights," or Guide to Access-A-Ride Services in an accessible format.

48.    Defendants do not have a written policy which states paratransit service will be provided to visually impaired persons accompanied by a guide dogs only on the condition that the disabled person provides prior notice that s/he will be accompanied by a guide dog.

49.    Plaintiffs have never been instructed by Defendants that they will be not permitted to travel on Access-a Ride with a guide dog unless they identify their intent to be accompanied by a guide dog at the time they make a reservation for travel.

7

50.     Plaintiff FRANK PERINO resides in Suffolk County and travels to the City of New York.

51.     As a result of Mr. PERINO's visual impairment, he travels with a guide dog. The guide dog assists Mr. Perino in avoiding obstacles, navigating street crossings, and in retrieving objects.

52.     Mr. PERINO's guide dog has received training to work or perform tasks for an individual with impaired vision.

53.     Each Plaintiff is eligible to participate in the services offered by Defendants' ADA paratransit.

54.     In or about December 2016, Plaintiffs made a reservation with Access-A-Ride to pick up and transport 2 people.

55.     Access-A-Ride agreed to pick up Plaintiffs at 135 W. 23rd St., New York, NY on December 12, 2016.

56.     On December 12, 2016, an Access-A-Ride vehicle operated by Defendant ADVANCE TRANSIT CO. INC. arrived to pick up Plaintiffs. However, the driver of Defendant ADVANCE TRANSIT CO. INC., Defendant JOHN DOE 2, refused to allow Plaintiffs entry into the vehicle because they were accompanied with a guide dog.

57.     When Defendant JOHN DOE 2 arrived to pick up Plaintiffs, there were no other occupants in the vehicle. The vehicle had sufficient space for 4 or more occupants other than the driver.

58.     Mr. PERINO informed the driver that he is blind and that the dog was a guide dog. Nonetheless, the driver, Plaintiff JOHN DOE 2 refused to allow Plaintiffs to enter the

vehicle.

59.     Plaintiff JOHN DOE 2 said he would call the dispatcher of Defendant ADVANCE

TRANSIT CO. INC. to ascertain if they could board the vehicle.

60.     Plaintiff JOHN DOE 2 said the dispatcher of Defendant ADVANCE TRANSIT CO.

INC. instructed him to not to allow the guide dog entry into the vehicle.

61.     Transport of Plaintiffs and the guide dog would not have prevented any other disabled

person from having access to Access-a Ride on the date and time in question.

62.     At no time was the guide dog out of control or not housebroken.

63.     At all relevant times, Mr. PERINO had complete, effective control over his guide dog.

64.     At all relevant times, Mr. PERINO had his guide dog in a harness, leash, or other tender.

65.     Plaintiffs advised JOHN DOE 2 they had a reservation and cannot be abandoned without

transportation. In response, the driver informed Plaintiffs that another Access-A-Ride vehicle

had arrived to pick them up. When plaintiff stepped back away from the vehicle driven by

Defendant JOHN DOE 2, JOHN DOE 2 left. After a few minutes, Plaintiffs realized Defendant

JOHN DOE 2 had lied to them, because no vehicle ever arrived.

66.     Defendants MTA, NYCTA, and Advance Transit Co. Inc. knew of or ratified the

discriminatory acts of its agents, ignored its duties under the law, or otherwise engaged in

knowledgeable inaction.

67.     Plaintiffs have the intention to use Access-A-Ride once it becomes readily accessible

to and usable to disabled individuals who are accompanied by a guide dog.

**FIRST CAUSE OF ACTION**
(Violation of Title II of the Americans with Disabilities Act, 42 U.S.C. §§ 12131-12150)
*(Allegations against Defendants MTA, NYCTA, and Advance Transit Co. Inc.)*

68.     Plaintiffs are qualified individuals with a disability as defined in 42 U.S.C. § 12131(2).

69.     Each of Plaintiffs' visual impairment substantially limits their vision and is a disability as defined in 49 CFR § 37.3.

70.     Plaintiff Frank Perino's guide dog is a service animal as defined in 49 CFR § 37.3.

71.      Defendants MTA and NYCTA are public entities as defined in 42 U.S.C. § 12131(1) and 49 CFR § 37.3.

72.     Defendants MTA and NYCTA have the ultimate responsibility for providing paratransit service in the City of New York.

73.     As relates to paratransit service in the City of New York, Defendants MTA and NYCTA have ultimate control over Defendant Advance Transit Co. Inc.

74.     Defendants' paratransit transportation service is a demand responsive system as defined in, 42 U.S.C. § 12141 and 49 CFR § 37.3.

75.     Defendant ADVANCE TRANSIT CO. INC. is primarily engaged in the business of transporting people and whose operation affects commerce.

76.     Defendant ADVANCE TRANSIT CO. INC. denied Plaintiffs, on the basis of disability, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations.

77.     Defendant ADVANCE TRANSIT CO. INC. stands in the shoes of Defendants MTA and NYCTA and is subject to precisely the same requirements under the ADA and Rehabilitation Act.

78.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. have excluded

plaintiffs from participation in or denied the benefits of the services, programs, or activities of their paratransit transportation in violation of 42 U.S.C. § 12132.

79.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. have excluded Plaintiffs, on the basis of disability,  from participation in or be denied the benefits of the services, programs, or activities of a Defendants' paratransit demand responsive system in violation of 42 U.S. Code § 12132.

80.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. have denied Plaintiffs the opportunity to participate in or benefit from the aid, benefit, or service of their transportation service in violation of 49 C.F.R. § 37.5(b).

81.     Defendants MTA and NYCTA,  in providing any aid, benefit, or service, do not, directly or through contractual, licensing, or other arrangements, on the basis of disability, afford Plaintiffs an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others.

82.      Defendants MTA and NYCTA,  in providing any aid, benefit, or service, have, directly or through contractual, licensing, or other arrangements, on the basis of disability, provide Plaintiffs with an aid, benefit, or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as that provided to others.

83.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. discriminatory practices and disregard for Plaintiffs' rights have denied Plaintiffs the opportunity to use their transportation service.

84.     Defendant Advance Transit Co. has failed to make reasonable modifications in their

policies, practices, or procedures, when the modification was necessary to afford goods, services,

facilities, privileges, advantages, or accommodations to Plaintiffs in violation of 49 C.F.R. §

37.5(i)(2).

85.     The necessary reasonable modification would not have fundamentally alter the nature of

goods, services, facilities, privileges, advantages, or accommodations.

86.     The necessary reasonable modification would not have created a direct threat to the

health or safety of others.

87.     Without the requested reasonable modification, Plaintiffs are unable to fully use

Defendants' services, programs, or activities for their intended purposes.

88.     As a direct and proximate result of Defendants unlawful discrimination in violation of

the ADA, Plaintiffs have incurred out-of-pocket expenses.

89.     As a direct and proximate result of Defendants MTA, NYCTA, and ADVANCE

TRANSIT CO. INC. unlawful discrimination in violation of the ADA, Plaintiffs Hobbs and

Perino have suffered and continues to suffer mental anguish and emotional distress,

including but not limited to depression, humiliation, stress, embarrassment, anxiety, stomach

ache, headache, loss of self-esteem and self-confidence, and emotional pain and suffering.

### SECOND CAUSE OF ACTION
### (Violation of Title III of the ADA)
*(Allegations against Defendant ADVANCE TRANSIT CO. INC.)*

90.     Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

91.     Defendant ADVANCE TRANSIT CO. INC. is a public accommodation as defined in 42

U.S.C. § 12181.

92.     Defendant ADVANCE TRANSIT CO. INC. is a private entity as defined in 49 CFR §

37.3.

93.     Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 have excluded

plaintiffs from participation in or denied the benefits of the services, programs, or activities of

Defendants MTA and NYCTA in violation of 42 U.S.C. § 12132.

94.     Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 have

discriminated against Plaintiffs, on the basis of disability, in connection with the provision of

transportation service.

95.     Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 failed to make

reasonable modifications in their policies, practices or procedures when the modifications

were necessary to afford Plaintiffs with goods, services, facilities, privileges, advantages, or

accommodations.

96.     Defendant ADVANCE TRANSIT CO. INC. have discriminated against Plaintiffs, and

all others similarly situated, on the basis of their disability, in the full and equal enjoyment of

the goods, services, facilities, privileges, advantages, or accommodations of its public

accommodation in violation of 42 U.S. Code § 12182(a).

97.     Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 imposed

illegitimate requirements which were completely based on speculation, stereotypes, and

generalization about dogs in violation of 28 CFR § 36.301.

98.     The requirements of Defendants to not allow Plaintiffs entry into the vehicle with a guide

dog were illegitimate and not based on actual risks safety requirements

99.     Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 have imposed

or applied an eligibility criteria that screened out or tended to screen out Plaintiffs, and all others similarly situated, from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations being offered.

100.    Defendant ADVANCE TRANSIT CO. INC. and its agent JOHN DOE 2 have failed to make reasonable modifications in their policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to Plaintiffs.

101.    Reasonable modification exists which do not impose an undue hardship on the operation of the Defendants' program or activity.

102.    Reasonable modification could be made which do not fundamentally alter the nature of the Defendants' program or activity.

**THIRD CAUSE OF ACTION**
**(Violation of section 504 of the Rehabilitation Act)**
*(Allegations against Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC.)*

103.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

104.    Defendants MTA and NYCTA receive federal financial assistance as defined by 49 CFR 27.5.

105.    The paratransit transportation system operated and controlled by Defendants is a program or activity as defined in 29 U.S. Code § 794(b).

106.    Defendants paratransit transportation system is a special service system as defined in 49 CFR 27.5

107.    ELIZABETH HOBBS is a qualified individual with a disability.

108.   FRANK PERINO is a qualified individual with a disability.

109.   Plaintiff JOHN DOE 2 is a policymaker.

110.   Defendant JOHN DOE 2 acted with deliberate indifference to Plaintiff's federally protected rights.

111.   Andy Byford, the CEO of the New York City Transit Authority is a policymaker for the Transit Authority.

112.   The dispatcher of Defendant ADVANCE TRANSIT CO. INC. is a policymaker.

113.   The dispatcher of Defendant ADVANCE TRANSIT CO. INC. acted with deliberate indifference to Plaintiff's federally protected rights

114.   Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC., directly or through contractual, or other arrangements, on the basis of disability, have not afforded Plaintiffs an opportunity to participate in or benefit from the aid, benefit, or service that is not substantially equal to that afforded persons who are not disabled in violation of the Rehabilitation Act.

115.   Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC., directly or through contractual, or other arrangements, on the basis of disability, have not provided Plaintiffs with a benefit or service that is not as effective in affording equal opportunity to obtain the same result, to gain the same benefit, or to reach the same level of achievement as the person who is not disabled in violation of the Rehabilitation Act.

116.   Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC., directly or through contractual, or other arrangements, on the basis of disability, or otherwise limit Plaintiffs in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aide, benefit, or service in violation of the Rehabilitation Act.

117.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC., directly or through contractual, or other arrangements, utilize criteria or methods of administration that have the effect of subjecting qualified persons with a disability to discrimination on the basis of disability in violation of the Rehabilitation Act.

118.     Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. have failed to provide Plaintiffs a reasonable modification so that they may travel on Defendants' paratransit vehicle accompanied by a guide dog.

119.     Reasonable modification exist which do not impose an undue hardship on the operation of the Defendants' program or activity.

120.     Reasonable modification could be made which do not fundamentally alter the nature of the Defendants MTA and NYCTA's program or activity.

121.     Solely by reason of their disability, Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. excluded Plaintiffs from participation in, denied the benefits of, and subjected them to discrimination in violation of the Rehabilitation Act.

122.     As a direct and proximate result of Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC.'s unlawful discrimination in violation of the Rehabilitation Act, Plaintiffs have incurred out-of-pocket expenses.

123.     As a direct and proximate result of Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. unlawful discrimination in violation of the Rehabilitation Act, Plaintiffs Hobbs and Perino have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, stomach ache, headache, loss of self-esteem and self-confidence, and emotional pain and

suffering.

## FOURTH CAUSE OF ACTION
### (Violation of New York State Human Rights Law)
(Allegations against Defendants)

124.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

125.    Defendants have denied access or otherwise discriminated against Plaintiffs because they were accompanied by a dog that has been trained to work or perform specific tasks for the benefit of such person.

126.    As a direct and proximate result of Defendants unlawful discrimination in violation of the New York State Human Rights Law, Plaintiffs have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, stomach ache, headache, loss of self-esteem and self-confidence, and emotional pain and suffering.

## FIFTH CAUSE OF ACTION
### (Violation of New York State Civil Rights Laws § 40-c)
(Allegations against Defendants)

127.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

128.    On the basis of disability, Defendants have violated Plaintiffs civil rights.

129.    Consequently, Plaintiffs are entitled to recover the penalty prescribed by Civil Rights Law § 40-c and 40-d, in the amount of $500 for each and every violation.

130.    Pursuant to NY Civil Rights law, Defendant JOHN DOE 2 is guilty of a class A

misdemeanor.

131.    Notice of the action has been served upon the Attorney-General as required by Civil

Rights Law § 40-d.

## SIXTH CAUSE OF ACTION
### (Violation of New York State Civil Rights law § 47-b)
(Allegations against Defendants)

132.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

133.    The guide dog owned by Defendant FRANK PERINO is a "guide dog" as defined in

NYS Civil Rights Law § 47-b(4).

134.    Each Plaintiff has a disability as defined in NYS Civil Rights Law § 47-b(5).

135.    In violation of New York State Civil Rights Law § 47-b, Defendants did not guarantee

Plaintiffs the right to be accompanied by a guide dog and to have such dog in their immediate

custody while exercising their right and privilege to travel in a vehicle operated by Access-A-

Ride.

136.    In violation of New York State Civil Rights Law § 47-b, Defendants did not allow

Plaintiffs, who were accompanied by Mr. Perino's guide dog, access to the Access-A-Ride

vehicle.

137.    In violation of New York State Civil Rights Law § 47-b, Defendants denied Plaintiffs and

Mr. Perino's guide dog access to the vehicle operated and owned by Defendants.

138.    In violation of NYS Civil Rights Law § 47-b(2), Defendants imposed a condition or

restriction against Plaintiffs access to the Access-A-Ride vehicle.

139.    As a direct and proximate result of Defendants violation of NYS Civil Rights Law §

47-b, Plaintiffs are entitled to damages.

## SEVENTH CAUSE OF ACTION
### (Violation of NYC Human Rights Law § 8-107(4))
*(Allegations against Defendants)*

140.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

141.    Defendants are "persons" as defined in NYS Human Rights Law § 8-102 (1).

142.    Plaintiffs have a "disability" as defined in NYS Human Rights Law § 8-102(16).

143.    In violation of New York City Admin. Code § 8-107(4), Defendants have not reasonably accommodated Plaintiffs and others similarly situated.

144.    In violation of New York City Admin. Code, Defendants have unlawfully discriminated against Plaintiffs and all others similarly situated.

145.    In violation of New York City Admin. Code, the owner, lessee, proprietor,  manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

146.    In violation of New York City Admin. Code, on the basis of Plaintiffs' disability, Defendants have demonstrated that the patronage or custom of Plaintiffs and all others similarly situated, is unwelcome, objectionable, and not acceptable.

147.    Pursuant to New York City Human Rights Law § 8-502, notice of this action has been served upon New York City's Commission on Human Rights.

148.    As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs have incurred out-of-pocket expenses.

149.    As a direct and proximate result of Defendants disability discrimination in violation

of the New York City Human Rights Law, Plaintiffs has suffered and continues to suffer

mental anguish and emotional distress, including but not limited to depression, humiliation,

stress, embarrassment, anxiety, stomach ache, headache, loss of self-esteem and self-

confidence, and emotional pain and suffering.

150.    All of Defendants' actions were taken intentionally, maliciously and/or with reckless

and/or callous indifference to Plaintiffs' rights under NYC Human Rights Law.

**EIGHTH CAUSE OF ACTION**
**(Violation of NYC Human Rights Law § 8-107(15))**
(*Allegations against Defendants*)

151.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this

Complaint as if fully set forth herein.

152.    Reasonable accommodations and modifications are necessary to enable Plaintiffs and all

others similarly situated the ability to enjoy the non-restricted access and use of the public

accommodation in question.

153.    Defendants failed to provide Plaintiffs reasonable accommodations and modifications

in violation of NYC Human Rights Law § 8-107(15).

154.    In violation of New York City Human Rights Law § 8-102(4) and (18), and 8-107(4) and

8-107(15), Defendants have not reasonably accommodated Plaintiffs and others similarly

situated.

155.    In violation of New York City Admin. Code, Defendants have unlawfully discriminated

against Plaintiffs and all others similarly situated.

156.    Reasonable accommodations and modifications are necessary to enable Plaintiffs and all

others similarly situated the ability to enjoy the non-restricted access and use of the public accommodation in question.

157.    In violation of New York City Admin. Code, the owner, lessee, proprietor, manager, agent and employee of defendants' public accommodation, have, because of the actual or perceived disability of the Plaintiffs, directly or indirectly, refused, withheld from and denied Plaintiffs the accommodations, advantages, facilities or privileges thereof.

158.    In violation of New York City Admin. Code, Defendants have demonstrated that, because of Plaintiffs' disability, the patronage or custom of Plaintiffs and all others similarly situated, is unwelcome, objectionable, and not acceptable.

159.    As a direct and proximate result of Defendants disability discrimination in violation of the New York City Human Rights Law, Plaintiffs have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, stomach ache, headache, loss of self-esteem and self-confidence, and emotional pain and suffering.

160.    All of Defendants' actions were taken intentionally, maliciously and/or with reckless and/or callous indifference to Plaintiffs' rights under NYC Human Rights Law.

### NINTH CAUSE OF ACTION
(Disparate Impact in violation of the ADA, Rehabilitation Act, New York State [Human Rights Law] Executive Law, and New York City [Human Rights Law] Administrative Code)
*(Allegations against Defendants MTA and NYCTA)*

161.    Plaintiff realleges and incorporates by reference the allegations set forth in this Complaint as if fully set forth herein.

162.    Defendants MTA and NYCTA' policy of requiring disabled individuals whom are

21

eligible to utilize Defendants paratransit service to agree to a printed set of policy, rules and procedures has a disparate impact on individuals who have substantially limited vision.

163.    Defendants MTA and NYCTA' policy of requiring disabled individuals whom are eligible to utilize Defendants paratransit service to agree to a printed set of policy, rules and procedures is unjustifiable and has a disparate impact against persons who have substantially limited vision.

164.    As a direct and proximate result of Defendants MTA and NYCTA' actions that have an unlawful disparate impact, Plaintiffs have incurred out-of-pocket expenses.

165.    As a direct and proximate result of Defendants MTA and NYCTA' actions that have an unlawful disparate impact in violation of the, Plaintiffs Hobbs and Perino have suffered and continues to suffer mental anguish and emotional distress, including but not limited to depression, humiliation, stress, embarrassment, anxiety, stomach ache, headache, loss of self-esteem and self-confidence, and emotional pain and suffering.

## TENTH CAUSE OF ACTION
### (Declaratory Relief)

166.    Plaintiffs reallege and incorporate by this reference all of the allegations set forth in this Complaint as if fully set forth herein.

167.    Plaintiffs are entitled to a declaratory judgment concerning the violations committed by Defendant specifying the rights of Plaintiffs and other persons similarly situated as to the policies, practices, procedures, facilities, goods and services provided by Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief from the Court:

A.      Certify this case as a class action;

B.      Issue a permanent injunction 1) proscribing disability discrimination, 2) requiring

Defendants to provide Plaintiffs reasonable modification to travel with a guide dog, 3)

requiring Defendants to make all necessary modifications to their policies or practices so that

Plaintiffs will not be subject to further discrimination in violation of New York State Human

Rights Law, New York City Administrative Code, the Rehabilitation Act, Title II of the ADA,

and Title III of the ADA.

C.      Enter declaratory judgment, specifying Defendants federal and New York state law

violations and declaring the rights of Plaintiffs and other persons similarly situated as to

Defendants' policies, practices, procedures, facilities, goods and services offered to the public.

D.      Pursuant to New York State Civil Rights Law § 40-c and 40-d, hold Defendants liable for

$500 for *each* and every violation.

E.      Pursuant to New York State Civil Rights Law § 40-d, find Defendant JOHN DOE 2

guilty of a class A misdemeanor for violating New York State Civil Rights Law.

F.      Award Plaintiffs compensatory damages for Defendants violation of New York State

Civil Rights law § 47-b.

G.      The court retain jurisdiction over the Defendants until the court is satisfied that the

Defendants' unlawful practices, acts and omissions no longer exist and will not reoccur.

H.      Award Plaintiffs actual and compensatory damages in the amount to be determined at

trial for Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. violation of Title II

of the ADA.

I.      Award Plaintiffs compensatory damages in the amount of $10,000 for Defendants

violation of New York State Human Rights Law.

J.      Award Plaintiffs actual and compensatory damages in the amount to be determined at trial for Defendants violation of New York City Administrative Code.

K.      Award Plaintiffs actual and compensatory damages in the amount to be determined at trial for Defendants MTA, NYCTA, and ADVANCE TRANSIT CO. INC. violation of the Rehabilitation Act.

L.      Award Plaintiffs punitive damages in the amount of $2000 for Defendants ADVANCE TRANSIT CO. INC. and JOHN DOE 2 violation of New York City Administrative Code.

M.      Find that Plaintiffs are a prevailing party in this litigation and award reasonable attorney fees, costs and expenses, and such other and further relief, at law or in equity, to which the Plaintiffs and other persons similarly situated may be justly entitled.

Dated: August 14, 2019

LAW OFFICES OF JAMES E. BAHAMONDE, P.C.

X _____

JAMES E. BAHAMONDE, ESQ.
Attorney for the Plaintiffs
Tel:  (646) 290-8258
Fax: (646) 435-4376
E-mail:  James@CivilRightsNY.com