USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 9/11/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

ALEXANDRIA HOBBS AND FRANK PERINO,

                                        Plaintiff,

    -against-

METROPOLITAN TRANSIT AUTHORITY et al,

                                        Defendants.

-------------------------------------------------------------x

1:17-cv-08199 (ALC)

**OPINION AND ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

      Alexandria Hobbs and Frank Perino brought this action against Defendants the New York City Transit Authority, the Metropolitan Transit Authority, Advance Transit Co. Inc., and John Doe 2, claiming violations of Titles II and III of the Americans with Disabilities Act, the Rehabilitation Act, New York City Human Rights Law, and New York State Human Rights Law. (Second Amended Complaint ("SAC")). Defendants separately moved to dismiss the Complaint. (ECF Nos. 90, 94). Those motions are DENIED.

      Plaintiffs' claims are based in part on Defendants' policies regarding the transportation of service animals on Access-A-Ride vehicles in New York, as well as the accessibility of those policies to individuals who are visually impaired. In their Complaint, Plaintiffs do not make clear if such policies exist, what such policies provide, and the forms these policies are provided in. At this stage of the litigation, the Court cannot look beyond the four corners of the Complaint and

attached documents for facts. *See Graham Hanson Design LLC v. 511 9th LLC*, No. 10 Civ. 5493, 2011 WL 744801, at *3 (S.D.N.Y. Feb. 24, 2011) (declining to consider materials extrinsic to the "four corners of the Complaint"). Because this case cannot be resolved without making factual determinations about these policies, Defendants' Motions to Dismiss must be denied.

Although this issue was not briefed by the parties, the Court also notes that this case may raise standing problems given the allegations of a past injury that potentially may be remedied by the provision of accessible policies to plaintiffs. *See Muhammad v. Annucci, et al.*, No. 19-cv-3528, 2020 WL 1303571 (S.D.N.Y. Mar. 19, 2020). The parties should be prepared to address this issue going forward.

The parties should submit a status report in this matter by September 24, 2020 stating how they would like to proceed.

**SO ORDERED.**

Dated:  September 10, 2020

     New York, New York                    **ANDREW L. CARTER, JR.**

                                                    **United States District Judge**